In re CHEZ FOLEY, INC., Debtor.

James E. RAMETTE, Trustee of the Bankruptcy Estate of Chez Foley, Inc., Plaintiff,

v.

AMERICAN FISH & SEAFOOD, INC., Defendant.

Bankruptcy No. 95–41148.
Adversary No. 97–4026.

United States Bankruptcy Court,
D. Minnesota.

July 15, 1997.

Michael C. Sabeti, Fuller, Seaver & Ramette, P.A., Minneapolis, MN, for Plaintiff.

Howard M. Bard, Bard & Bard, Ltd., Minneapolis, MN, for Defendant.

### ORDER GRANTING SUMMARY JUDGMENT

ROBERT J. KRESSEL, Bankruptcy Judge.

This proceeding came on for hearing on the motion of the defendant for summary judgment.[1] Howard M. Bard appeared for the defendant and Michael C. Sabeti appeared for the plaintiff. This court has jurisdiction under 28 U.S.C. §§ 1334 and 157(b) and Local Rule 1070–1. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F).

The plaintiff is the trustee in this bankruptcy case and filed his complaint to recover from the defendant certain transfers which he alleges to be preferences. The defendant raises a number of defenses, including "ordinary course of business," "contemporaneous exchange," and "subsequent new value." Based on the defendant's subsequent new value defense, I will grant its motion.

### BACKGROUND

The debtor was in the restaurant business and the defendant was one of its suppliers. During the 90 day period prior to the commencement of the debtor's case, the debtor and the defendant continued to do business. The debtor made payments on its account and the defendant continued to supply inventory to the debtor. The following table summarizes those transactions:

Table 1

| Date of Payment | Amount of Payment | Date of Shipment | Value of Shipment |
|---|---|---|---|
| December 5, 1994 | $327.43 | | |
| | | December 9, 1994 | $582.40 |
| December 13, 1994 | $308.14 | December 13, 1994 | $138.53 |
| | | December 15, 1994 | $559.82 |
| | | December 20, 1994 | $582.40 |
| | | December 21, 1994 | $124.54 |
| | | December 22, 1994 | $ 64.41 |
| | | December 27, 1994 | $153.21 |
| | | December 28, 1994 | $228.50 |
| | | December 29, 1994 | $454.38 |
| December 30, 1994 | $338.53 | December 30, 1994 | $ 98.57 |
| December 30, 1994 | $359.82 | | |
| January 5, 1995 | $146.83 | January 5, 1995 | $436.09 |
| | | January 6, 1995 | $130.56 |
| January 11, 1995 | $245.39 | January 11, 1995 | $245.99 |
| | | January 12, 1995 | $125.58 |
| | | January 13, 1995 | $353.72 |

---

[1]. The day before the hearing, the plaintiff also filed a motion for summary judgment. Not only was notice of the motion inadequate, it was filed well after the deadline for filing motions set by the scheduling order of March 28, 1997. It will therefore be denied.

| Date of Payment | Amount of Payment | Date of Shipment | Value of Shipment |
|---|---|---|---|
| January 18, 1995 | $350.00 | January 18, 1995 | $219.90 |
| | | January 20, 1995 | $272.24 |
| January 23, 1995 | $339.27 | January 23, 1995 | $373.81 |
| January 23, 1995 | $566.65 | | |
| | | January 25, 1995 | $163.74 |
| | | February 10, 1995 | $433.77 |
| February 14, 1995 | $106.38 | February 14, 1995 | $106.38 |
| | | February 15, 1995 | $154.50 |
| February 16, 1995 | $154.50 | | |
| February 17, 1995 | $154.15 | February 17, 1995 | $154.15 |
| February 20, 1995 | $ 94.61 | February 20, 1995 | $ 94.61 |
| March 1, 1995 | $108.62 | | |

The March 1, 1995 check was returned NSF and the plaintiff concedes there was no transfer. The January 11, February 14, February 16, February 17, and February 20, 1995 payments were all COD payments for deliveries as they were made and were thus contemporaneous exchanges for new values which the plaintiff concedes. He withdraws his complaint as to those transfers. Deleting those payments and shipments leaves the following for purposes of the new value analysis:

Table 2

| Date of Payment | Amount of Payment | Date of Shipment | Value of Shipment |
|---|---|---|---|
| December 5, 1994 | $327.43 | | |
| | | December 9, 1994 | $582.40 |
| December 13, 1994 | $308.14 | December 13, 1994 | $138.53 |
| | | December 15, 1994 | $559.82 |
| December 20, 1994 | $582.40 | | |
| | | December 21, 1994 | $124.54 |
| | | December 22, 1994 | $64.41 |
| | | December 27, 1994 | $153.21 |
| | | December 28, 1994 | $228.50 |
| | | December 29, 1994 | $454.38 |
| December 30, 1994 | $338.53 | December 30, 1994 | $98.57 |
| December 30, 1994 | $359.82 | | |
| January 5, 1995 | $146.83 | January 5, 1995 | $436.09 |
| | | January 6, 1995 | $130.56 |
| | | January 12, 1995 | $125.58 |
| | | January 13, 1995 | $353.72 |
| January 18, 1995 | $350.00 | January 18, 1995 | $219.90 |
| | | January 20, 1995 | $272.24 |
| January 23, 1995 | $339.27 | January 23, 1995 | $373.81 |
| January 23, 1995 | $566.65 | | |
| | | January 25, 1995 | $163.74 |
| | | February 10, 1995 | $433.77 |

For purposes of this defense, we can assume that each of the payments are preferences and avoidable as argued by the plaintiff. The defendant, however, argues that although they are preferences, they are unavoidable as a result of the new value defense found in § 547(c)(4). That section provides:

The trustee may not avoid under this section a transfer—

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor;

While the plaintiff argues that this section is ambiguous, it really is not. It is a difficult

provision to read and understand, but once that effort is made, the provision is unambiguous and the fact that some courts have misread it, does not make it ambiguous. The section is easy to apply in a simple transaction where the debtor makes a preferential payment and then later the creditor supplies value to the debtor for which there are no further payments made. Then it is clear that the creditor is entitled to reduce the amount of any recoverable preference by the amount of the new value that it gave, in effect, netting out the two transactions.

■ The confusion comes when there is another payment by the debtor on account of the new value that is given. A simple, three-transaction example may help explain the section.

1. The debtor makes a preferential payment to a creditor of $100.00. (Payment # 1)

2. After receipt of the payment, the creditor ships new inventory to the debtor, which has a value of $50.00.

3. The debtor pays the creditor $50.00 in payment for the shipment of inventory. (Payment # 2)

Section 547(c)(4) says that if payment # 2 is not avoidable, which means that the creditor gets to keep it, then the creditor may *not* count the value it gave as new value to reduce the preference and it must pay the trustee the $100.00 representing a return of payment # 1.

If, however, payment # 2 is itself a preference, then the creditor must pay that $50.00 preference to the trustee, but gets to use its shipment of inventory as new value to reduce the first preferential payment by $50.00. Thus, the trustee would recover $50.00 out of payment # 1 as a preference and all of payment # 2 as a preference and again collect $100.00.

What the trustee does not get to do is recover both payments and collect $150.00 from the creditor in a situation where it has provided subsequent new value. The result is fair, it is what Congress intended, and it is precisely what the statute says. The argument by the trustee that new value cannot be counted if the creditor received any payment

reads the words "otherwise unavoidable" out of the section.

■ Applying this analysis to the facts set out in the table above, clearly indicates (and the trustee concedes) that the creditor has given sufficient new value to eliminate the avoidability of all of the preferential transfers it may have received.

The trustee's sole argument is that the Eighth Circuit has interpreted the statute in a different way. If he were right, I would of course be bound to follow the Eighth Circuit's interpretation, but I disagree that the Eighth Circuit has held to the contrary. The trustee's argument is based on dicta in the case of *Kroh Bros. Dev. Co. v. Continental Constr. Eng'rs, Inc. (In re Kroh Bros. Dev. Co.)*, 930 F.2d 648 (8th Cir.1991).

The trustee relies on language in *Kroh Bros. Dev. Co.*, which reads as follows:

> To the extent that the opinions of the bankruptcy and district courts can be read to hold that a creditor who has been paid for new value *by the debtor* can nevertheless assert a new value defense, we disagree. Rather, we think that section 547(c)(4) is not available to a creditor to the extent the creditor has received payment from the debtor for the goods or services constituting new value. To the extent, however, that this case presents the issue of the availability of section 547(c)(4) in the third-party context, we must inquire further.

930 F.2d at 653.

However, in *Kroh Bros. Dev. Co.*, the issue was whether or not payments from a third-party, on account of the new value, would disqualify the new value from being available to reduce a recoverable preference. As a result, the court did not address the avoidability of the second payment. In fact, it is clear from the Eighth Circuit's subsequent discussion that it focused on the issue of "replenishment of the estate," which is precisely what the two different analyses above address. So the dicta relied on by the plaintiff is not so much incorrect as it is overly simplified. In our three-transaction example above, if the creditor has had its new value paid for by an avoidable transfer, it must

disgorge that payment to the trustee, which means that at the end of the day, it has not been paid for the new value and therefore it qualifies under the Eighth Circuit dicta. Thus, not only do I not feel that my decision here is contrary to the Eighth Circuit holding in *Kroh Bros. Dev. Co.*, I find it totally consistent with both its analysis and holding.

For all the foregoing reasons,

IT IS ORDERED:

1. The plaintiff's motion for summary judgment is denied.

2. The defendant's motion for summary judgment is granted.

3. The plaintiff shall recover nothing from the defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.